**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

LIL' JOE RECORDS, INC. a Florida
Corporation DBA TWO LIVE MUSIC,

    Plaintiff,

vs.

CHRISTINE MASSA MALVASIO AKA
CHRISTINE MASSA, an Individual, SPIKY
IMIN PUBLISHING LLC, a Florida Limited
Liability Company, and SPIKY
PUBLISHING, INC., a Florida Corporation,

    Defendants.
_____/

## **COMPLAINT**

Plaintiff, LIL' JOE RECORDS, INC. DBA TWO LIVE MUSIC ("Plaintiff" or "Lil Joe"), by and through undersigned counsel hereby sues Defendants, CHRISTINE MASSA MALVASIO AKA CHRISTINE MASSA ("Massa"), SPIKY IMIN PUBLISHING LLC, and SPIKY PUBLISHING, INC. (hereinafter collectively referred to as "Defendants"), and in support thereof alleges as follows:

### I. **OVERVIEW**

1. This is a complaint for equitable relief and damages related to Defendants' wrongful and fraudulent collection of Plaintiff's royalties on the song "Do You Mind", which was released in 2016 by DJ Khaled's labels Epic Records and We The Best Music featuring artists Nicki Minaj, Chris Brown, Jeremih, Future, August Alsina, and Rick Ross (hereinafter referred to as the "Song") which contains original music owned by Plaintiff.

## II. PARTIES

2. Plaintiff, Lil Joe, is a Florida corporation, with its principal place of business in Miami-Dade County, Florida.

3. Defendant, Massa, upon information and belief resides in Broward County, Florida.

4. Defendant, Spiky Imin Publishing LLC, is an inactive Florida limited liability company that is based in Broward County, Florida, and at all material times conducted business and committed the tortious acts described herein in Miami-Dade County, Florida.

5. Defendant, Spiky Publishing, INC., is an active Florida corporation that is based in Broward County, Florida, and at all material times conducts business and is committing the tortious acts described herein in Miami-Dade County, Florida.

## III. JURISDICTION & VENUE

6. This Court has original subject matter jurisdiction over the claims in this action pursuant to exclusive jurisdiction under 28 U.S.C. § 1338 and, if later necessary, diversity jurisdiction under 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction over any state claims in this action pursuant to 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over Defendants because, as more fully alleged below, Defendants have committed tortious acts, as described herein, within Florida that have caused damage to the Plaintiff in Florida.

9. This is an action for damages in excess of $75,000.00 exclusive of interest, costs, attorney's fees, and punitive damages.

10. Venue is proper over Defendants in this Court pursuant to 28 U.S.C. § 1391(b).

## IV. GENERAL ALLEGATIONS

11. Lil Joe is a Miami, Florida record label that survives and prospers based on its acquisition of copyright ownership interests in past and future music hits. Plaintiff relies on being able to obtain and retain such copyright ownership interests and protect same from others who seek to exploit the music interests that it owns, such as collecting royalties.

12. On or about November 22, 2013, Michael Tyrone Johnson p/k/a Michael Sterling assigned 100% of his interest (which was 50%) in the song "Lovers and Friends" (Reg. No.: PA 1-271-518) and a second assignment from Rondor Music International Inc to Plaintiff (the "Assignment of Copyright" (which was for the other 50%) evidencing same is attached hereto as **Exhibit "A"**).

13. On or about December 16, 2016, Plaintiff licensed its interest in "Lovers and Friends" to Epic Records through Sony Music Entertainment, which was to be interpolated into the Song "Do You Mind" (see the licensing agreements attached hereto as **Exhibit "B"**).

14. Under such licensing agreements, Plaintiff was granted the right to receive royalties on the basis of "net records manufactured and sold by licensee" (see Ex. "B" ¶ 3).

15. Plaintiff also registered itself as a 50% owner of the Song with BMI, which BMI accepted and none of the Defendants are listed as.

16. Since its release, the Song has become certified triple platinum by the Recording Industry Association of America (RIAA), which means that its combined estimated sales and streaming units in the United States equals over three million.

17. According to songstats.com, the Song has an estimated 226 million streams across all available digital streaming platforms.

18. In the fall of 2024, Plaintiff worked with The Mechanical Licensing Collective (the "MLC") to track and account for the mechanical royalties owed to Plaintiff through each of its songs.

19. At that time, it was discovered that Massa improperly registered at least 45% of the publishing interest that Plaintiff owns in the Song with the MLC.

20. In response, Plaintiff filed a claim with the MLC for its 50% ownership of the Song against Massa and others.

21. On August 21, 2024, Massa, responding to Plaintiff's claim, emailed Plaintiff and the MLC and stated "Spiky IMIN Publishing does not own any part of this song title." (see the email chain stating same attached hereto as **Exhibit "C"**), thereby admitting it had no right to receive any money from the exploitation of the Song.

22. Thereafter, the MLC recognized Plaintiff is entitled to 50% of the Song's royalties and Plaintiff requested that Defendants provide accounting statements of all royalties received under their wrongful assertion of Plaintiff's rights in the Song (which the MLC cannot give without Defendants' consent).

23. Accordingly, the MLC paid the first month of royalties (for September 2024) to Plaintiff in the amount of $1,500.00, however, Defendants have failed to provide any accounting statements for their received royalties on the Song (or consent to same), which Plaintiff estimates this figure to be several hundred thousands of dollars, given the Songs release in 2016 and the single payment by the MLC to Plaintiff thus far.

24. To date, Plaintiff has yet to hear from Defendants since Massa's acknowledgment of Plaintiff's rights in the Song (and subsequently the nonexistence of theirs) even after numerous requests and demands consent to allow the MLC to provide an accounting, provide an accounting on their own, or pay Plaintiff its rightfully owed royalties.

25. Plaintiffs has retained the undersigned law firm and agreed to pay it its hourly fees incurred in the prosecution of the claims hereunder.

26. All conditions precedent to this action have been performed, waived, or have

occurred.

## COUNT I – COPYRIGHT INFRINGEMENT (VIOLATION OF 17 U.S.C. § 101, ET SEQ.)

Plaintiff readopts and realleges the allegations contained above in paragraphs 1-26 as if fully stated herein, and it further alleges:

27. This is a count for copyright infringement against Defendants.

28. Plaintiff owns a 50% interest in the Song and retains the right to collect 50% of the royalties related to the exploitation of same.

29. Defendants wrongfully infringed on Plaintiff's rights by registering as at least a 45% owner of the Song with the MLC and collecting royalties consistent therewith since the Song's release.

30. As a result of the aforementioned unauthorized use, Defendants have committed copyright infringement by willfully and intentionally violating 17 U.S.C. §§ 101, 504 et seq.

31. Defendants conduct has injured Plaintiff in a monetary amount to be determined at trial.

WHEREFORE, for the reasons set forth herein, Plaintiff asks this Honorable Court to enter a judgment for equitable relief and damages jointly and severally against Defendants, as set forth herein in an amount to be determined by a jury, together with post-judgment interest, attorneys' fees pursuant to section 505 of the copyright act, and costs. Plaintiff also requests that this court issue any other relief that it deems to be fair and just.

## COUNT II – UNJUST ENRICHMENT

Plaintiff readopts and realleges the allegations contained above in paragraphs 1-26 as if fully stated herein, and it further alleges:

32. This is a count for unjust enrichment against Defendants.

33. The MLC has conferred a benefit on Defendants by paying them royalties related to the Song based on Defendants misrepresentation that they had an ownership interest in the Song, which monies properly belonged to Plaintiff .

34. Defendants had knowledge of such royalties and voluntarily accepted and retained the benefits conferred upon it.

35. Plaintiff has requested numerous times that Defendants account for and send it the wrongfully retained royalties, but Defendants have refused to comply.

36. The circumstances are such that it would be inequitable for Defendants to retain the benefits conferred on it without paying the entire value of collected royalties to Plaintiff.

WHEREFORE, for the reasons set forth herein, Plaintiff demands judgment in its favor and jointly and severally against Defendants for compensatory damages plus interest and costs, as well as any and all other relief which this Court deems just and appropriate.

## COUNT III – EQUITABLE ACCOUNTING

Plaintiff readopts and realleges the allegations contained above in paragraphs 1-26 as if fully stated herein, and it further alleges:

37. This is a count for Equitable Accounting vs Defendants.

38. Calculation of the amounts due to Plaintiff as have been derived in the form of royalties that were paid to Defendants from a misrepresentation that it had ownership interest in the Song and it is not clear that the remedy at law is not as full and adequate and expeditious as it is in equity.

WHEREFORE, for the reasons set forth herein, Plaintiff asks this Court to determine his rights to an accounting of the royalties paid to Defendants by the MLC, an order that an accounting shall be rendered, and to enter judgment in favor of Plaintiff and jointly and severally against

Defendants pursuant to said accounting.

**WHEREFORE**, for the reasons set forth herein, Plaintiffs ask this Honorable Court to enter judgment and grant relief as follows:

I. Injunctive relief pursuant to 17 U.S.C. § 502;

II. Defendants' profits or statutory damages pursuant to 17 U.S.C. § 504;

III. Plaintiff's costs, including attorney's fees, in prosecuting this action pursuant to 17 U.S.C. § 505; and

IV. Since Defendants' infringement has been, and continues to be, willful and intentional in nature, Plaintiffs may, at its election, recover the maximum amount of statutory damages for each infringed work in accordance with 17 U.S.C. § 504(c)(2).

V. Compensatory and special damages for Plaintiffs' lost profits.

          **Respectfully submitted,**

          **WOLFE LAW MIAMI, P.A.**
          *Counsel for Lil' Joe Records, Inc.*
          *DBA Two Live Music*
          175 SW 7th Street
          Penthouse Suite 2410
          Miami, FL 33130
          Phone: 305-384-7370

          By: s/ Richard Wolfe
          RICHARD C. WOLFE
          Florida Bar No.: 355607
          rwolfe@wolfelawmiami.com